## Commonwealth v. Bagalini

*Frank S. Keiker,* Assistant District Attorney, for Commonwealth.

*Richard Martin, Stanton Levenson* and *James Brown,* for defendants.

KLEIN, J., November 30, 1972.—We have before us for determination defendants' application for change of venue. Defendants are the elected Constable of Hopewell Township, a deputy of his and a deputy constable in the neighboring Borough of Aliquippa, all of Beaver County. The prosecutor is a police officer of the said Borough of Aliquippa.

Pennsylvania Rule of Criminal Procedure 313 provides that "venue may be changed by the court . . . when it is determined after hearing that a fair and impartial trial cannot be had in the county in which the complaint was filed." The Act of March 18, 1875, P. L. 30, sec. 1, 19 P.S. §551, remains in effect to the extent that it is not inconsistent with said rule.

Although there was some alluding to radio reports and newspaper articles reporting the incidents, there was no effort made by defendants to show that the publicity was so inflammatory and biased in factual presentation as to cause or be evidence of, public prejudice or hysteria.

Therefore, defendants are resting their application for change of venue on the basis that petitions seeking their removal from their respective offices of constable were circulated in the county, and, for that reason, a fair and impartial trial cannot be had in Beaver County. An offer by defendants to show the involvement of one of Beaver County's nine district justices of the peace on behalf of the police officer victim in preliminary hearing, setting of bond, etc., was ruled out when defendants were not prepared to show anything more. They had nothing to offer from which it could be inferred that by reason of the magistrate's conduct a fair and impartial trial could not be held. Defendants were not prepared to prove that the magistrate's alleged activities were "public" in the sense that any significant number of the general public were aware of them, much less that the public was so affected as to make it impossible to secure a fair and impartial trial.

This latter effort falls short of the provision of Act of March 18, 1875 P. L. 30, sec. 1, 19 PS §551, which provides for a change of venue when "there is a combination against him, instigated by influential persons, by reason of which he cannot obtain a fair trial."

Defendants contend that the alleged intervention by the magistrate is "official" recognition of defendant's guilt. Even if the allegations are true, without more, we do not agree with such conclusion.

The pertinent facts are that Officer Romich, of the

Hopewell Township Police Department, in consultation with other members of said Police Department, had the petition forms prepared and circulated. Forty such petition forms were designed for signature by police officers and 100 forms for other citizens to sign.

A grand total of 15 sheets were returned to Officer Romich, some of which were not completely filled. A petition form was mailed or delivered to each police department in the county with a request to return same to Officer Romich when completed.

There is no evidence of any general circulation in any of Beaver County's 53 municipalities other than Hopewell Township. The population of Hopewell Township is approximately 15,000. One form was posted on the bulletin board in the Monaca Police Department; likewise in the Aliquippa Police Department.

The testimony reveals that all of the petition signing activity occurred during the week or two following the incidents of May 16, 1972, We are now six months beyond that period. A total of less than 250 persons signed the petitions, many of them being police officers. Beaver County has a population in excess of 200,000; registered voters number in excess of 90,000.

The court has no authority to order a change of venue unless it is determined that a fair and impartial trial cannot be had in this county.

There is no evidence in the record which would permit us to make such a determination. There is no evidence of public prejudice or hysteria. At most, many of the county's local police officers and a few other citizens seem to have taken sides against these defendants. We have no doubt that a jury of 12 fair and impartial jurors can be selected to try the issues of fact

in these proceedings; and that the trial will be fairly conducted. There is no doubt that counsel for defendants with an unlimited number of challenges for cause and a limited number of peremptory challenges can adequately assure a fair and impartial jury by use of the voir dire examination of prospective trial jurors.

In the case of Commonwealth v. Swanson, 432 Pa. 293 (1968), a homicide case, the court held that the fact that a juror has read or heard about a case and has an impression or an opinion, or a prejudice is not ground for rejection for cause, if he testifies and the court believes that his opinion is not fixed and that he can and will make up his mind solely from the evidence which will be presented at the trial. The Swanson case involved 30 newspaper articles and 45 television newscasts including reference to defendant as a punk, arrogant person.

We are constrained to note that another provision of said Act of March 18, 1875, 19 PS §551, providing for a change of venue, includes:

"When, upon the trial of any criminal case, an unsuccessful effort has been made to procure and impanel a jury for the trial of the defendant, and it shall be made to appear to the court by the written affidavit of some credible witness that a fair trial cannot be had."

For these reasons, we make the following

## ORDER

Now, November 30, 1972, it is ordered that defendants' application for change of venue be, and it is hereby, denied. Exception noted to defendants.